UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELSHEE JONES, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SACRAMENTO COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>        Defendants. | No. 2:16-cv-0205 KJM CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiffs are proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although plaintiff's complaint is brief, it is apparent that plaintiff challenges orders issued by state court judges relating to the custody of plaintiff's children and placement of the children with Sacramento County Child Protective Services. A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not

change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

Plaintiff alleges improprieties related to custody proceedings and judicial orders related thereto. Plaintiff does not raise a general federal challenge to state law. See Branson, 62 F. 3d at 292. Stripped to its essence, this action is one for federal court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. The court will therefore recommend this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.[1]

---

[1] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).
   In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers. Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3). Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction. Like Coats, this case is at core a child custody dispute. See id. at 237.

1    Named as plaintiffs in this action are minor children identified as K.J., K.J., K.J., and K.K.
2 From the allegations of the complaint, it appears that these four named plaintiffs are the minor
3 children of plaintiff Shelshee Jones. A minor can only proceed if represented by counsel. See
4 Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997) (citations omitted) ("It goes without
5 saying that it is not in the interest of minors or incompetents that they be represented by non-
6 attorneys. Where they have claims that require adjudication, they are entitled to trained legal
7 assistance so their rights may be fully protected."). Plaintiff Shelshee Jones will therefore be
8 granted thirty days to obtain counsel for the minor plaintiffs.

9    Accordingly, IT IS HEREBY ORDERED that:

10   1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

11   2. Within thirty days, plaintiff shall obtain counsel for plaintiffs K.J., K.J., K.J., and K.K.
12 Failure to timely obtain counsel will result in a recommendation that the action, as to plaintiffs
13 K.J., K.J., K.J., and K.K., be dismissed without prejudice; and

14   IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter
15 jurisdiction.

16   These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
21 within the specified time may waive the right to appeal the District Court's order. Martinez v.
22 Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated: February 10, 2016

CAROLYN K. DELANY
UNITED STATES MAGISTRATE JUDGE

26 4 jones0205.rf.minor.57